VICTOR DE ST. AUBIN, JR., Indiv. and as Ex'r of the Estate of Lillian de St. Aubin, Plaintiff-Appellant, v. FREDERICK L. JOHNSON *et al.*, Defendants-Appellees.

First District (1st Division) No. 85—2580

Opinion filed December 15, 1986.

Schuyler, Roche & Zwirner, of Chicago (Roger Longtin, of counsel), for appellant.

Rosenthal & Schanfield, of Chicago (Rochelle S. Dyme and Joel A. Mullin, of counsel), for appellees Sheldon Krasnow and Eugene Krasnow.

Shaheen, Lundberg, Callahan & Orr, of Chicago (Saul R. Wexler, of counsel), for appellees Ross Haeger, James Sullivan, Frederick L. Johnson, George Johnson, James Anderson, and Richard Blankshain.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Victor de St. Aubin, Jr., individually and as executor of the estates of his aunt and father, appeals a circuit court order denying him leave to file counts I and III of his second amended complaint against the former shareholders (defendants) of an allegedly wrongfully dissolved corporation. Plaintiff additionally appeals the granting of defendants' motion for summary judgment with respect to count II of the amended complaint. For the following reasons, we affirm.

The record reveals that between 1969 and 1970, plaintiff acquired 32 shares of common stock in Burlingshire, Inc. (Burlingshire), a Wisconsin corporation which had as its principal asset certain resort property located in Burlington, Wisconsin. In addition to being a shareholder, plaintiff was a creditor of Burlingshire, as was his aunt, Lillian de St. Aubin, and his father, Victor de St. Aubin, Sr., both of whom are now deceased. It is undisputed that during its corporate existence, Burlingshire was not a profitable operation.

In February 1976, the shareholders of Burlingshire held a meeting in which they considered various alternatives to remedy the corporation's financial situation. One option discussed was to change Burlingshire's form of ownership from a corporation to a limited partnership pursuant to section 333 of the Internal Revenue Code (26 U.S.C. 333 (1976).) By doing so, the shareholders would be able to retain limited liability while deducting their *pro rata* share of the resort's operating losses from their personal income, thus reducing tax liabilities. Plain-

tiff opposed converting Burlingshire into a limited partnership because he did not want to be part of a scheme designed to "gyp" the government.

Following the conclusion of the February meeting, a plan was commenced to effectuate the change in Burlingshire's form of ownership. The first step was to dissolve the corporation under section 180.765 of the Wisconsin Business Corporation Law. According to the Wisconsin statute, articles of dissolution may be executed only "[w]hen all debts, liabilities and obligations of the corporation *** have been paid and discharged, or adequate provision has been made therefor." (Wis. Stat. sec.180.765 (1976).) To meet these requirements, Burlingshire first offered all debenture holders the opportunity to exchange debentures for corporate stock, and then receive a proportionate interest in the limited partnership, and second, entered into various agreements between itself and Burlingshire Management Corporation, the general partner of the limited partnership, by which Burlingshire's remaining liabilities were assumed.

On June 21, 1976, after the Burlingshire Management Corporation was incorporated in Wisconsin and the limited-partnership papers were executed, a special shareholders' meeting was called during which a resolution requesting the liquidation of corporate assets and dissolution of the corporation was ratified by more than two-thirds of the outstanding shares. The resolution provided in pertinent part as follows:

> "RESOLVED, that the following plan of liquidation of The Burlingshire, Inc., be and it hereby is adopted:
>
> 1. The Corporation, by its duly authorized Officers, will distribute pro rata to its shareholders, or to their nominee named to receive same on their behalf, during the month of June, 1976, all of its assets, subject to any unpaid liabilities with the exception of a reasonable amount of cash to be retained for the payment of Federal and State taxes for the year 1976. Each shareholder shall assume, or cause to be assumed, his pro rata share of the said unpaid liabilities, and accept his interest in the real estate subject to a pro rata portion of the mortgages thereon.
>
> Each shareholder will surrender all of his Certificates representing shares of the Corporation's stock for cancellation.
>
> * * *
>
> 5. The Officers and Directors of the Corporation are empowered, authorized and directed to carry out the provisions of this Resolution, and to adopt any further resolutions that may be

found necessary in liquidating the Corporation as provided in Section 333 of the Internal Revenue Code and dissolving it in accordance with the expressed intent of the shareholders and directors under the Plan adopted at this meeting."

While plaintiff, who owned approximately 5% of the outstanding shares, did not attend this meeting, he was represented by an attorney who abstained from voting on the resolution.

After the dissolution resolution was passed, another resolution was adopted at the meeting authorizing Burlingshire to distribute each shareholder's *pro rata* share of the corporation's assets to nominee Robert Graham Harles upon the shareholder's completion of a preprinted designation form. A majority of the Burlingshire shareholders submitted these forms on June 22, 1976. Shortly thereafter, Burlingshire conveyed its resort property to Harles, who in turn conveyed it to the Burlingshire Management Corporation, the general partner of the limited partnership. Burlingshire's articles of dissolution were subsequently filed on August 23, 1976, and most of the corporation's former shareholders became limited partners in the new venture. Pursuant to a letter dated July 2, 1976, plaintiff, as well as his aunt and father, refused to participate in the limited partnership or have their notes assumed by it.

Plaintiff took no further action until nearly three years later, in March 1979, when he instituted suit against Burlingshire Management Corporation, his attorney, and the former directors of Burlingshire. On November 21, 1984, plaintiff filed a four-count second amended complaint, the subject of this dispute, against the same parties named in his initial complaint as well as the following former shareholders of Burlingshire: Frederick Johnson, Ross Haeger, George Johnson, James Sullivan, James Anderson, Richard Blankshain, Martin Green, Sheldon Krasnow, Virginia Palmer, and Eugene Krasnow. In his complaint, plaintiff sought, among other relief, damages, an accounting, and the imposition of a constructive trust on certain assets of defendants.

In count I of his second amended complaint, plaintiff alleged that defendants misappropriated his interest as a shareholder in Burlingshire. Count II alleged that defendants are personally liable to plaintiff, and to his aunt and father, for unpaid promissory notes. Count III is premised on the claim that defendants failed to make adequate provisions for Burlingshire's debts upon the corporation's dissolution in violation of section 180.757 of the Wisconsin Business Corporation Law. The trial court denied plaintiff leave to file counts I and III against defendants and granted defendants' motion for summary

judgment with respect to count II. It is from these rulings that plaintiff appeals.[1]

We first address plaintiff's contention that the trial court abused its discretion in precluding him from filing counts I and III of his second amended complaint against defendants, particularly since plaintiff was permitted to file these counts against Burlingshire's directors. In support of this argument, plaintiff asserts that count I sufficiently states a cause of action for conversion where corporate assets in which he had an interest were transferred to a limited partnership created by defendants without his consent. We disagree.

 █ The elements necessary to establish a cause of action for conversion are: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the property of another; (2) plaintiff's right in the property; (3) plaintiff's right to immediate possession of the property; and (4) a demand by plaintiff of possession thereof. (*Scheduling Corp. of America v. Massello* (1983), 119 Ill. App. 3d 355, 456 N.E.2d 298.) Plaintiff has failed to establish the first element for such a cause of action, namely that the transfer of Burlingshire's assets and dissolution of the corporation were "unauthorized and wrongful."

Defendants here exercised their statutory right pursuant to section 180.753 of the Wisconsin Business Corporation Law to dissolve Burlingshire (Wis. Stat. sec. 180.753 (1976)), and in doing so, complied with all statutory provisions. Moreover, by exchanging debentures for stock and causing the Burlingshire Management Corporation to assume the corporation's remaining liabilities, defendants restructured Burlingshire's financial situation to meet the threshold requirements for dissolution under section 180.765 of the Wisconsin statute. (Wis. Stat. sec. 180.765 (1976).) Similarly, the Burlingshire Management Corporation and the limited partnership were lawfully formed. At each step in this process of changing Burlingshire's ownership, plaintiff was asked to participate, but refused. According to the corporate minutes, plaintiff was notified of the June 21 meeting at which the dissolution resolution was properly passed, yet he did not attend and his proxy abstained from voting. Clearly, there was nothing "unauthorized and wrongful" about defendants' actions.

---

[1]We note that defendant, Sheldon Krasnow, previously moved this court to dismiss that portion of plaintiff's appeal which contests the trial court's order denying him leave to file counts I and III of his second amended complaint on the ground that the order was not a final judgment. Plaintiff subsequently filed an objection, and we took defendant's motion with the case. In light of our determination to address the present case on its merits, we will not pass upon defendant's motion.

Furthermore, while plaintiff was fully aware of the planned dissolution prior to the June 21 meeting, as evidenced by his participation in the February 1976 discussion regarding the proposal, he failed to become an "objecting shareholder" under section 180.72 of the Wisconsin Business Corporation Law and therefore was bound by the majority's decision. To obtain "objecting shareholder" status, plaintiff was merely required to file a written notice of intention with the secretary of the corporation at least 48 hours before the meeting at which the "sale or exchange of all *** the property and assets of the corporation" was approved. (Wis. Stat. sec. 180.72 (1976).) By failing to do so, plaintiff waived all objections.

■ We further reject plaintiff's claim in count III of his complaint that defendants are liable for the corporation's alleged failure to make "adequate provision" for the payment of its debts upon dissolution. We first note that there is nothing alleged in count III which would confer personal liability on defendants. According to section 180.40(1)(c) of the Wisconsin Business Corporation Law, the obligation to make adequate provision for corporate debts upon dissolution rests with the directors and not with the shareholders. (Wis. Stat. sec. 180.40(1)(c) (1976).) Moreover, plaintiff has cited no case in which another entity's assumption of a corporation's liabilities, the value of which was exceeded by the corporation's assets, and the exchange of debentures for corporate stock to increase net worth were held to constitute inadequate provisions for the discharge of debts under section 180.765 of the Wisconsin statute. Wis. Stat. sec. 180.765 (1976).

■ Even if counts I and III of plaintiff's second amended complaint stated causes of action against defendants, they would be time barred under section 180.787 of the Wisconsin Business Corporation Law. The statute provides:

> "The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of such dissolution ***." (Wis. Stat. sec. 180.787 (1976).)

Here, plaintiff's original complaint was filed approximately two years and nine months after Burlingshire's dissolution. Additionally, count I alleging conversion was not brought against defendants until almost five years after the corporation dissolved. Count III, which alleges that defendants failed to make adequate provisions for the corporation's debts, was not asserted against defendants until plaintiff sought leave to file his second amended complaint in July 1984, more than

eight years following the dissolution.

Plaintiff's contention that section 180.787 is inapplicable because his claims do not relate to "liability incurred, prior to such dissolution" is unpersuasive. Plaintiff purchased his stock and, along with his aunt and father, loaned money to the corporation prior to its dissolution. To the extent that plaintiff alleges in count I that his property was converted when the assets of the corporation were distributed and in count III that defendants did not make adequate provision for the liabilities of the corporation, these acts also occurred prior to dissolution since, under section 180.757 of the Wisconsin Business Corporation Law, such provisions must be made before a corporation is dissolved.

Plaintiff's reliance on *United States v. Palakow* (7th Cir. 1971), 438 F.2d 1177, *State ex rel. Pabst v. Circuit Court for Milwaukee County* (Wis. 1924), 184 Wis. 301, 199 N.W. 213, and *Lindemann v. Rusk* (1905), 125 Wis. 210, 104 N.W. 119, to support his claim that section 180.787 would not bar counts I and III is misplaced. *Pabst* and *Lindemann* were both decided pursuant to a former version of section 180.787 which made no reference to shareholders. While the Seventh Circuit in *Palakow* applied Wisconsin law in holding that certain actions against corporate directors, including ones alleging breach of fiduciary duties, are not barred by the two year limitation, the decision is not controlling in the instant case where defendants are shareholders, not directors.

■ We finally consider plaintiff's contention that defendants were not entitled to summary judgment on count II of plaintiff's second amended complaint. A motion for summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) We believe that no factual issues exist which preclude summary judgment in favor of defendants.

Plaintiff alleged in count II that defendants breached the June 21 resolution attached to his complaint by failing to assume all unpaid liabilities of the corporation. Plaintiff conceded at oral argument, however, that the true version of the resolution states that "[e]ach shareholder shall assume *or cause to be assumed,* his pro rata share of the said unpaid liabilities." (Emphasis added.) Thus, defendants did not volunteer to become personally liable to the creditors of Burlingshire, but rather properly caused the general partner of the limited partner-

ship to assume Burlingshire's debts as the resolution requires. Furthermore, plaintiff's claim in count II is barred by section 180.787 of the Wisconsin Business Corporation Law which limits the time for filing such actions to a maximum of two years.

For the foregoing reasons, the judgments of the circuit court of Cook County denying plaintiff leave to file counts I and III of his second amended complaint against defendants and granting defendants' motion for summary judgment with respect to count II of that complaint are affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.