**William F. RASMUSSEN, d/b/a Rasmussen Associates, a sole proprietorship, Plaintiff,**

**v.**

**SPORTS MEDIA SALES, INC., an Illinois corporation, and William J. Lemanski, Defendants.**

**No. 87 C 8173.**

United States District Court, N.D. Illinois, E.D.

Aug. 3, 1988.

Sheldon Davidson, Donald J. Moran, Cynthia L. Meltzer, Pedersen & Houpt, Chicago, Ill., for plaintiff.

Peter B. Newton, Ralph T. Russell, Neal Gerber Eisenberg & Lurie, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff William Rasmussen brings this two-count action against Sports/Media Sales, Inc. ("Sports Media") and William Lemanski charging conversion of funds and breach of contract arising out of an oral agreement. Defendants have moved for summary judgment as to the conversion claim which, for the reasons set forth in this opinion, is granted.

### Factual Background [1]

Rasmussen operated the Illini Sports Network that broadcasts University of Illinois at Urbana–Champaign ("U of I") intercollegiate athletic events. In May of 1985, Rasmussen and Sports Media orally agreed that Sports Media would sell advertising time on the Illini Sports Network for the 1985–86 and 1986–87 intercollegiate sports seasons. Sports Media would collect payments from the advertisers and turn the funds over to Rasmussen after deducting a fifteen percent commission. Sports Media was not required to place funds received from the advertisers into a special account segregated from its other accounts. The agreement contemplated that Rasmussen would successfully negotiate broadcast rights for U of I sports events for the upcoming seasons. In late June 1985, Rasmussen obtained these rights, becoming the exclusive broadcaster for U of I's intercollegiate sports.

Sports Media negotiated with various advertisers and deposited the payments into its general business account, periodically remitting the revenues less commission to Rasmussen from that account. Sports Media sold all available time for the 1985–86 season and, as early as November 1985, began selling time for the 1986–87 season. In February 1986, by which time Sports Media had sold approximately 25 percent of the 1986–87 season advertising time, Rasmussen notified Sports Media that he was terminating the agreement effective immediately. Sports Media then refused to remit to Rasmussen any revenues collected after April 1986. One year later, in apparent anticipation of litigation arising out of the dispute, Sports Media deposited $200,004.48 into a reserve account to cover potential liabilities and expenses.

On September 21, 1987, Rasmussen filed this action seeking $159,788.05 allegedly due and owing from advertising revenues collected by Sports Media and setting forth two theories of recovery—breach of the oral contract and conversion of the funds to which Rasmussen is lawfully entitled.[2] In their summary judgment motion, defendants contend that they are entitled to judgment in the conversion claim on the undisputed facts. Specifically, Rasmussen cannot recover the funds allegedly due and owing under the oral agreement because the funds are not specifically identifiable and constitute only a debt.

---

1. Unless otherwise noted, the following material facts are undisputed.

2. One day later, Sports Media filed a separate action against Rasmussen charging breach of the oral contract by prematurely terminating the contract, refusing to allow Sports Media to complete advertising sales for the 1986–87 season and not paying specified amounts. Sports Media also seeks recovery in quantum meruit. *Sports/Media Sales Co. v. William F. Rasmussen,* —— F.Supp. —— (N.D.Ill.1988) No. 87 C 8218.

## Discussion

To state a claim for conversion under Illinois law,[3] the plaintiff must plead and prove "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the property of another; (2) plaintiff's right in the property; (3) plaintiff's right to immediate possession of the property; and (4) a demand by plaintiff of possession thereof." *de St. Aubin v. Johnson,* 151 Ill.App.3d 184, 104 Ill.Dec. 97, 101, 502 N.E.2d 360, 364 (1st Dist.1986). Funds are generally not recoverable under the tort of conversion unless they are "capable of being described as a specific chattel, although it is not necessary for purposes of identification that money should be specifically earmarked." *In re Thebus,* 108 Ill.2d 255, 91 Ill.Dec. 623, 625, 483 N.E.2d 1258, 1260 (1985). Conversion is not an available remedy "to satisfy a mere obligation to pay money." *Id.*

 Thus, in *In re Thebus,* the Illinois Supreme Court held that an employer who withheld funds from employees' wages in order to pay their federal income taxes was not liable under the tort of conversion for failure to remit the funds to the Internal Revenue Service even though the law required the employer to hold the funds in trust for the United States. Central to the Court's decision was the fact that the funds were not specifically identifiable since the employer did not place the funds in an account separate from all other accounts, and the law did not require him to segregate the funds from his general business account. Similarly, in *Eggert v. Weisz,* 839 F.2d 1261, (7th Cir.1988), the Seventh Circuit found that liability for conversion did not attach to Weisz, consignee of a stamp collection, for his failure to remit the proceeds of a stamp auction to the consignor Eggert. Again, as here, the defendant deposited the funds in a general business account and was under no duty to segregate the funds. The defendant's liability was "for a debt rather than a conversion." *Id.* at 1265.

---

**3.** The parties do not dispute that Illinois law governs the substantive issues in this diversity action.

 Like the defendants in *In re Thebus* and *Eggert,* Sports Media deposited the disputed funds in its general business account and was under no contractual duty to place the funds in a separate account segregated from all other funds. Rasmussen seeks to avoid the clear import of these decisions of Illinois law by pointing out that Sports Media removed the disputed funds from its general account and placed them in a special reserve account, thereby transforming them into specifically identifiable funds subject to a conversion action. We find this fact immaterial. In the absence of any duty to segregate funds at the outset, moving funds from a general account to a reserve account in anticipation of litigation does not convert those funds into property subject to a conversion action. Holding otherwise would discourage a party to litigation arising out of, for example, a contract dispute from undertaking the common practice of maintaining a special account to cover potential liability and litigation expenses in order to avoid the risk of assuming further liability under the tort of conversion. There is no basis in Illinois law for this expansion of the conversion remedy, and the holdings and reasoning of *In re Thebus* and *Eggert* militate against it.

## Conclusion

Defendants are entitled on the undisputed facts to judgment as a matter of law on the conversion claim. Accordingly, their motion for summary judgment as to Count II is granted. It is so ordered.