Docket No. 92503–Agenda 13–May 2002.

MICHAEL LYONS 
et al.
, Appellants, v. GEORGE H. RYAN 
et al
., Appellees.

Opinion filed September 19, 2002.

JUSTICE KILBRIDE delivered the opinion of the court:

Plaintiffs, Michael Lyons and the Better Government Association, “on behalf of and for the benefit of the State of Illinois,” filed suit against defendants, George Ryan, Citizens for Ryan, and other present and former officers and employees of the Secretary of State, seeking to impose constructive trusts on funds and benefits alleged to have been illegally received by defendants. Ryan, a former Secretary of State, is presently Governor of the State of Illinois. Citizens for Ryan is a state political committee responsible for soliciting and accepting political contributions for Ryan’s campaigns.

The circuit court dismissed plaintiffs’ suit, finding that plaintiffs lacked standing. The appellate court affirmed. 324 Ill. App. 3d 1094. We allowed plaintiffs’ petition for leave to appeal. 177 Ill. 2d R. 315. We now affirm and hold that: (1) only the Attorney General is empowered to represent the state in litigation when it is the real party in interest; and (2) section 20–104(b) Illinois Code of Civil Procedure (Code) (735 ILCS 5/20–104(b) (West 1998)) is unconstitutional to the extent that it purports to confer standing on private citizens to sue in cases where the state is the real party in interest.

I. BACKGROUND

On November 18, 1999, plaintiffs filed a “taxpayers action brought on behalf of the State of Illinois,” against defendants in the circuit court of Cook County. Count I of the complaint claimed that certain Secretary of State officers and employees conspired with Citizens for Ryan in a scheme to issue commercial drivers’ licenses to unqualified drivers in exchange for political contributions. Count II claimed that an additional Secretary of State officer furthered and perpetuated the scheme by obstructing and covering up investigations. Count III claimed that Ryan was involved in the scheme. In each of these counts, plaintiffs sought, on behalf of the state, the imposition of constructive trusts on funds and benefits alleged to be illegally received by defendants.

In count IV of the complaint, plaintiffs sought the recovery of fraudulently obtained public funds on behalf of the State, pursuant to section 20–101 of the Code (735 ILCS 5/20–101 (West 1998)). Plaintiffs claimed that, pursuant to section 20–104(b), they are authorized, as citizens and taxpayers of the State of Illinois, to commence and prosecute the action on behalf of the State, and thus are entitled to recover public funds under section 20–101.

Section 20–104(b) provides in part that a private citizen may bring a lawsuit to recover damages from persons who have defrauded the state if the appropriate government official fails to file suit or arrange for settlement of the action, after notice. 735 ILCS 5/20–104(b) (West 1998). For purposes of section 20–104(b), the “appropriate government official” is the Attorney General when the state is the government unit allegedly damaged. See 735 ILCS 5/20–104(b)(1) (West 1998).

Defendants moved to dismiss plaintiffs’ complaint pursuant to sections 2–615 and 2–619 of the Code (735 ILCS 5/2–615, 2–619 (West 1998)). On July 25, 2000, the circuit court granted defendants’ motions to dismiss.

The appellate court affirmed the circuit court’s dismissal of plaintiffs’ complaint. 324 Ill. App. 3d 1094. The appellate court held, with respect to counts I, II, and III of plaintiffs’ complaint, that taxpayers lacked constitutional standing to sue for the recovery of illegally obtained funds by state officials because only the Attorney General has the constitutional authority to bring such an action. 324 Ill. App. 3d at 1101-06. On count IV, the appellate court further held that section 20–104(b) of the Code (735 ILCS 5/20–104(b) (West 1998)) is unconstitutional to the extent that it purports to confer standing on private citizens to sue in cases where the state is the real party in interest. 324 Ill. App. 3d at 1107. This court allowed plaintiffs’ petition for leave to appeal. See 177 Ill. 2d R. 315. We granted the Business and Professional People for the Public Interest leave to submit an 
amicus curiae
 brief in support of plaintiffs, and we granted Tyrone C. Fahner, thirty-seventh Attorney General of Illinois, leave to submit an 
amicus curiae
 brief in support of defendants. See 155 Ill. 2d R. 345. We also granted leave to Joint Council No. 25 of the International Brotherhood of Teamsters and Illinois Federation of Labor and Congress of Industrial Organizations to submit an 
amicus curiae
 brief in support of defendants. See 155 Ill. 2d R. 345.

II. DISCUSSION

The issue before this court is whether plaintiffs have standing to maintain each of the counts in their complaint on behalf of the State of Illinois. This appeal arises from the circuit court’s dismissal of plaintiffs’ complaint for lack of standing. A complaint may be involuntarily dismissed for lack of standing pursuant to section 2–619(a)(9) of the Code. 
Glisson v. City of Marion
, 188 Ill. 2d 211, 220 (1999). An order granting a motion to dismiss based upon lack of standing is reviewed 
de novo
. 
Glisson
, 188 Ill. 2d at 220. Accordingly, we conduct a 
de novo
 review of the circuit court’s dismissal of plaintiffs’ complaint for lack of standing and consider whether dismissal was proper as a matter of law.

Plaintiffs argue that the appellate court erred in holding that they lacked constitutional standing to bring a taxpayer action for an accounting, restitution, and the imposition of constructive trusts under counts I, II, and III of their complaint. Plaintiffs further argue that the appellate court erroneously held that section 20–104(b) of the Code (735 ILCS 5/20–104(b) (West 1998)) is unconstitutional. Finally, plaintiffs claim that the appellate court erred in holding that they lacked standing to move to disqualify counsel for Citizens for Ryan.

A. Constitutional Standing

Initially, plaintiffs argue that they have standing to bring a taxpayer action against defendants on behalf of the State of Illinois. In their briefs, plaintiffs alternate between alleging that this action is brought “on behalf of the State of Illinois,” or as “taxpayers for themselves and all other taxpayers similarly situated.” Initially, we must determine the real party in interest in this litigation. The “real party in interest” is defined as the person or entity entitled to the benefits if the action is successful. Black’s Law Dictionary 1264 (6th ed. 1990). In other words, the “real party in interest” has an actual and substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the case. See 
Vukusich v. Comprehensive Accounting Corp.
, 150 Ill. App. 3d 634, 640 (1986); see also Black’s Law Dictionary 1264 (6th ed. 1990). In the instant case, it is the state that is actually and substantially interested in this action, and only the state would be entitled to the benefits of a successful action, not individual taxpayers. Accordingly, the state is the “real party in interest.”

Plaintiffs are bringing this case as a taxpayer derivative action, seeking to enforce, on behalf of the state, a cause of action that belongs to the state. See 
Feen v. Ray
, 109 Ill. 2d 339, 345 (1985). The claimed injury is not personal to the taxpayers, but rather impacts the governmental entity on whose behalf the action is brought. Taxpayer standing to bring a derivative action turns largely on the identity of the governmental entity that is the real party in interest. Where, as here, the state is the real party in interest, individual taxpayers have no standing to bring the cause of action.

Plaintiffs claim that this is an issue of first impression despite our consideration of the same issue in 
Fuchs v. Bidwill
, 65 Ill. 2d 503 (1976). A review of taxpayer standing and the line of cases leading up to 
Fuchs
 is instructive. In 
Fergus v. Russel
, 270 Ill. 304 (1915), taxpayers challenged certain legislative appropriations of public funds. One legislative enactment purported to transfer the Attorney General’s powers and duties relating to insurance to the Insurance Superintendent. The court declared the appropriations to the Insurance Superintendent “for legal services and for traveling expenses of attorneys and court costs” invalid. 
Fergus
, 270 Ill. at 342-43. The court reasoned that under the 1870 Illinois Constitution, the Attorney General was the only officer empowered to represent the state in any suit or proceeding when
 the state was the real party in interest. 
Fergus
, 270 Ill. at 342. 
Fergus
 relied on the constitutional provision granting the Attorney General all common law powers associated with that office. 
Fergus
, 270 Ill. at 342. The court reasoned that, although the legislature could add to these powers, it could not reduce the Attorney General’s common law authority. 
Fergus
, 270 Ill. at 342. 
Fergus
 has never been overruled and remained valid law upon the adoption of the 1970 Illinois Constitution. 
People ex rel. Scott v. Briceland
, 65 Ill. 2d 485, 495 (1976).

In 
Briceland
, an action was brought seeking a declaratory judgment that only the Attorney General was empowered to institute and prosecute cases before the Pollution Control Board. The 
Briceland
 plaintiffs also sought an injunction barring the Environmental Protection Agency from pursuing actions before the Pollution Control Board. This court reexamined our holding in 
Fergus
 to determine its continued vitality under the 1970 Constitution. We recognized that article V, section 15, of the 1970 Constitution (Ill. Const. 1970, art. V, §15) provides that “[t]he Attorney General shall be the legal officer of the State.” 
Briceland
, 65 Ill. 2d at 492.

In particular, we stated:

“The constitutional proceedings, the official explanation submitted to the voters, and the fact that the delegates chose to reenact the language of the 1870 Constitution in regard to the Attorney General, all lead to the conclusion that the principle of 
Fergus v. Russel
 was incorporated into article V, section 15, of the present constitution. We hold, therefore, that the Attorney General is the sole officer authorized to represent the People of this State in any litigation in which the People of the State are the real party in interest, absent a contrary constitutional directive.” 
Briceland
, 65 Ill. 2d at 500.

Accordingly, we held that a provision of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1051, now codified at 415 ILCS 5/51 (West 1998)) authorizing the Environmental Protection Agency to prosecute cases before the Pollution Control Board was unconstitutional because the Attorney General is the sole officer entitled to represent the interests of the state in litigation conducted before administrative tribunals. 
Briceland
, 65 Ill. 2d at 500.

On the same day 
Briceland
 was decided, this court also held in 
Fuchs 
that the Attorney General “is the only officer empowered to represent the State in litigation in which it is the real party in interest.” 
Fuchs
, 65 Ill. 2d at 510. In 
Fuchs
, the plaintiffs, “ ‘as representatives of and on behalf of all citizens, residents and taxpayers of the State of Illinois’ ” (
Fuchs
, 65 Ill. 2d at 505), brought an action to recover bribe money paid to state legislators. In accordance with article V, section 15, of the Illinois Constitution (Ill. Const. 1970, art. V, §15) and the decisions in 
Fergus
 and 
Briceland
, this court affirmed the dismissal of plaintiffs’ action. 
Fuchs
, 65 Ill. 2d at 510. In so doing, we noted that there was no authority conferring taxpayer standing on the basis that the funds at issue would become “public” only upon the imposition of a constructive trust. 
Fuchs
, 65 Ill. 2d at 509.

Plaintiffs attempt to distinguish this case from 
Fuchs
, arguing that 
Fuchs
 bars only taxpayer actions seeking to impose a constructive trust on monies that are not “public funds.” Plaintiffs claim that 
Fuchs
 is inapplicable because their action does involve “public funds.” They argue that the salaries of state employees involved in the alleged scheme, as well as the cost of equipment used in the scheme, are “public funds” and that these expenditures depleted the state treasury. Plaintiffs misconstrue this court’s holding in 
Fuchs
.

Contrary to plaintiffs’ assertion, 
Fuchs
 did not solely rely on the status of the funds sought to be recovered, but more precisely relied on the identity of the state as the real party in interest. See 
Fuchs
, 65 Ill. 2d at 510. Nevertheless, the funds at issue in this case cannot be distinguished from the funds at issue in 
Fuchs
. Here, plaintiffs seek to impose a constructive trust on allegedly illegal campaign contributions, salaries of officers and employees involved in the alleged scheme, and the cost of equipment used in the alleged scheme. Like the bribes in 
Fuchs
, the campaign contributions had no impact on the treasury. Plaintiffs offer no basis for this court to conclude that the salaries of state employees involved in the alleged scheme would not have been paid in the absence of the alleged scheme, or that the equipment used in the alleged scheme was not used for any other legitimate purpose.

Standing to bring an action cannot be based on the creation of “public” funds through the imposition of a constructive trust. See 
Fuchs
, 65 Ill. 2d at 509. No distinction may be drawn between the facts at hand and
 Fuchs
 on that basis. Accordingly, we reject plaintiffs’ argument that the status of the funds sought to be recovered distinguishes this case from 
Fuchs
.

Plaintiffs next ask this court to reconsider and overrule 
Fuchs
. Plaintiffs argue that our holding in 
Fuchs
 is inconsistent with our decision in 
City of Chicago ex rel. Cohen v. Keane
, 64 Ill. 2d 559 (1976). In 
Keane
, the plaintiff brought an action “on behalf of the City of Chicago” seeking an accounting for profits made by defendants through an alleged scheme to defraud the City and its citizens. The taxpayer action in 
Keane
 was specifically authorized by the Illinois Municipal Code (Municipal Code) (Ill. Rev. Stat. 1975, ch. 24, par. 1–5–1, now codified at 65 ILCS 5/1–5–1 (West 1998)). In 
Keane
, the real party in interest was a municipality, and the authority to bring the action was derived from the Municipal Code. Conversely, in 
Fuchs
 and the instant case, the state was the real party in interest, and the authority to bring an action on behalf of the state was derived from the Illinois Constitution. Under our constitution, the authority to initiate litigation has been vested exclusively in the Attorney General. Thus, the rationale in 
Keane
 is inapposite to 
Fuchs
.

Plaintiffs also urge this court to overrule 
Fuchs
 because it is not consistent with public policy. Plaintiffs claim that by denying taxpayers access to the courts, they have been “effectively deprived of redress for wrongs committed by corrupt state officials.” As this court stated in 
Fuchs
, “[i]t is presumed that a public official ‘performs the functions of his office according to law and that he does his duty.’ ” 
Fuchs
, 65 Ill. 2d at 510, quoting 
People ex rel. Hoyne v. Newcomer
, 284 Ill. 315, 324 (1918). Disagreement with the Attorney General’s decision in any given case does not justify granting standing to anyone who desires to bring an action on behalf of the state. See 
Fuchs
, 65 Ill. 2d at 510. Consequently, there is no public policy sufficient to override the constitutional limitation on the authority to initiate litigation on behalf of the state.

The Attorney General, as the chief law enforcement officer of the state, is afforded a broad range of discretion in the performance of public duties and the exercise of this discretion is a necessary and proper function of that office. See 
People ex rel. Barrett v. Finnegan
, 378 Ill. 387, 393 (1941) (the Attorney General has arbitrary discretion to institute proceedings in any case of purely public interest). The Attorney General, as an elected representative of the citizens of this state, is responsible for evaluating the evidence and other pertinent factors to determine what action, if any, can and should properly be taken and what penalties should be sought. See 
People v. Mack
, 105 Ill. 2d 103, 115 (1984) (prosecution is vested with broad discretion in determining whether or not to charge an individual with a criminal offense and the nature of the offense to be charged); see also
 People v. Rhodes
, 38 Ill. 2d 389, 396 (1967) (prosecutor is the representative of the people and “has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged”).

It is presumed that the Attorney General will act to enforce the laws of this state and, when appropriate, seek an accounting or the imposition of a constructive trust. 
Fuchs
, 65 Ill. 2d at 510. The Attorney General may have legitimate reasons for not taking action at a particular time. For example, the Attorney General may not want to interfere with a pending investigation. While we are cognizant of the allegations of deplorable conduct in this case, we may not overlook standing requirements solely on the basis of the conduct alleged in the complaint. The “public interest will not be served in permitting persons, without limitation, to institute actions of this nature against public officials when the Attorney General has declined to act.” 
Fuchs
, 65 Ill. 2d at 510.

We reaffirm this court’s holding in 
Fuchs:
 the Attorney General possesses the 
exclusive
 constitutional power and prerogative to conduct the state’s legal affairs. Therefore, we hold that plaintiffs lack constitutional standing to bring a taxpayer action for an accounting, restitution, and the imposition of constructive trusts under counts I, II, and III of their complaint.

B. Constitutionality of Section 20–104(b) of the Code

In the remaining count IV, plaintiffs claim that they have standing to sue on behalf of the state under section 20–104(b) of the Code (735 ILCS 5/20–104(b) (West 1998)). The circuit court held that plaintiffs’ claims were not recoverable under the Code. The appellate court affirmed, holding that section 20–104(b) was an unconstitutional usurpation of the exclusive power of the Attorney General. We agree.

Section 20–104(b) provides in part that a private citizen may bring a lawsuit to recover damages from persons who have defrauded the state if the Attorney General, after notice, fails to take file suit or take other action within 60 days. 735 ILCS 5/20–104(b) (West 1998). Although section 20–104(b) clearly intends to give private citizens standing to sue on behalf of the state, we must consider the constitutionality of this statutory directive.

As the chief legal officer of the state, the Attorney General’s authority is derived from the Illinois Constitution (Ill. Const. 1970, art. V, §15). 
Briceland
, 65 Ill. 2d at 492. The duties of the Attorney General are prescribed by law and include those powers traditionally held at common law. 
Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority
, 98 Ill. 2d 58, 67 (1983). Only the Attorney General is empowered to represent the state in litigation where the state is the real party in interest. 
Fuchs
, 65 Ill. 2d at 510. The legislature may add to the powers of the Attorney General, but it cannot reduce the Attorney General’s common law authority in directing the legal affairs of the state. 
Newberg
, 98 Ill. 2d at 67. Thus, legislation that improperly usurps the common law powers of the Attorney General is invalid. See 
Briceland
, 65 Ill. 2d at 501-02; 
Environmental Protection Agency v. Pollution Control Board
, 69 Ill. 2d 394 (1977).

Here, although well-intentioned, the legislature has improperly reduced the Attorney General’s common law authority by enacting section 20–104(b) to confer standing upon private citizens to commence and prosecute actions on behalf of the state. Section 20–104(b) improperly usurps the powers of the Attorney General and is invalid. Accordingly, we determine that section 20–104(b) of the Code is unconstitutional to the extent that it purports to confer standing on private citizens to sue in cases where the state is the real party in interest. Consequently, plaintiffs lack standing to proceed on count IV of their complaint.

III. CONCLUSION

Given plaintiffs’ lack of standing, we need not and do not consider the other issues raised by the parties. We hold that plaintiffs lack constitutional standing to bring a taxpayer action for an accounting, restitution and the imposition of constructive trusts. We also hold that section 20–104(b) of the Illinois Code of Civil Procedure (735 ILCS 5/20–104(b) (West 1998)) is unconstitutional to the extent that it purports to confer standing on private citizens to sue in cases where the state is the real party in interest.

The judgment of the appellate court, affirming the judgment of the circuit court, is affirmed.

Affirmed.

JUSTICE RARICK took no part in the consideration or decision of this case.