# Illinois Official Reports

## Appellate Court

---

### *Wei Quan v. Arcotech Uniexpat, Inc.*, 2018 IL App (1st) 180227

---

| | |
|---|---|
| Appellate Court Caption | WEI QUAN, Plaintiff-Appellant, v. ARCOTECH UNIEXPAT, INC., an Involuntarily Dissolved Illinois Corporation, Merged With Arcotech Uniexpat, LLC, d/b/a InternshipDesk, and CRAIG PIATTI, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-18-0227 |
| Filed | December 10, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-L-8545; the Hon. Diane M. Shelly, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Rodin Legal, LLC, of Chicago (Joshua G. Rodin, of counsel), for appellant.<br><br>Maksimovich & Associates, of Lyons (James M. Joyce, of counsel), for appellees. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Griffin and Walker concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff Wei Quan sued defendants, Arcotech Uniexpat, Inc. (Arcotech) and Craig Piatti, after defendants failed to issue plaintiff a refund for services. Relevant to this appeal, the circuit court granted Piatti's motion to dismiss plaintiff's conversion claim pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2016)). Plaintiff appeals. For the reasons that follow, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3    For the purposes of this appeal, we accept as true all the well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in his favor. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003).

¶ 4    In August 2014, plaintiff moved from China to pursue an undergraduate degree in civil and environmental engineering at the University of Illinois Urbana-Champaign. He enlisted the help of InternshipDesk, an assumed name of Arcotech, to secure an internship within his field of study for the summer of 2015. On October 5, 2014, plaintiff executed a written service agreement in which Arcotech guaranteed that it would secure a paid internship offer in plaintiff's chosen field of study in the city of Chicago, along with a weekly stipend. Plaintiff agreed to pay a total of $7250. On October 5, 2014, plaintiff paid a $1000 nonrefundable deposit to secure his place in Arcotech's program. Plaintiff paid the remaining balance within 30 days of the execution of the service agreement. The service agreement sets forth Arcotech's refund policy, which provides in relevant part, "If for any reason InternshipDesk is unable to secure the participant an internship offer in their field by the start of the program, $1000 of the program tuition is non-refundable." Piatti executed the service agreement on behalf of InternshipDesk in his capacity as executive director.

¶ 5    On June 1, 2015, Piatti sent an e-mail informing plaintiff that "[i]t's not looking too positive." Plaintiff then sought the services of a different internship placement company. On June 5, 2015, plaintiff e-mailed defendants and requested a refund. Defendants provided plaintiff with a refund agreement that stated that a $6250 refund would be processed within 120 days of the execution of the refund agreement. Plaintiff provided all the information required, and he signed and returned the refund agreement on June 17, 2015. Defendants failed to authorize the refund within 120 days. In November 2015, defendants requested plaintiff's banking information to process the refund. Plaintiff again provided the requested information. Defendants never remitted the $6250 refund to plaintiff. On May 13, 2016, Arcotech was involuntarily dissolved by the Illinois Secretary of State, as Arcotech had failed to pay its annual report fee and franchise tax.

¶ 6    Plaintiff initiated this action on August 29, 2016, by filing a five-count initial complaint. He asserted claims under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2016)) against Arcotech and Piatti (counts I and II, respectively), and for breach of contract against Arcotech and Piatti (counts IV and V, respectively). Plaintiff also asserted a claim of conversion against Piatti (count III). Plaintiff's conversion claim alleged that plaintiff was entitled to immediate possession of the $6250 no later than October 15, 2015, and that Piatti never authorized the refund despite plaintiff's demand. Plaintiff alleged that it was within Piatti's power as president of Arcotech

and the executive director of InternshipDesk to authorize the refund, and that by failing to remit the funds, Piatti "maintained wrongful control of funds owed to [plaintiff] in the refund amount of [$6250]." Plaintiff alleged that Piatti "actively participated in the authorized deprivation of [$6250] rightfully belonging to [plaintiff]." With respect to the conversion claim, plaintiff sought compensatory damages, punitive damages, court costs, and prejudgment interest.

¶ 7 Defendants moved to dismiss counts I, II, III, and V of the initial complaint pursuant to section 2-619(a)(9) of the Code. Relevant to issues before us on appeal, defendants argued that the conversion claim in count III should be dismissed because the $6250 was in the nature of a general obligation or debt, and "the funds tendered by [plaintiff] were not subject to any special designation, were never promised to be so held, were in fact not so held[,] and therefore cannot be a proper subject of conversion under applicable Illinois law." The motion to dismiss was fully briefed. On March 17, 2017, the circuit court granted the motion to dismiss counts I, II, III, but denied the motion as to count V. The circuit court subsequently granted plaintiff leave to file an amended complaint.

¶ 8 The amended complaint again asserted claims under the Consumer Fraud Act against Arcotech and Piatti (counts I and II, respectively), a conversion claim against Piatti (count III), breach of contract claims against Arcotech and Piatti (counts IV and V respectively), and added an additional claim of common law fraud against Piatti (count VI). Plaintiff specifically repleaded count III in order to preserve his claim for appellate review. Defendants moved to dismiss counts I, II, III, V, and VI of the amended complaint pursuant to section 2-619(a)(9) of the Code, which the circuit court granted with prejudice. The circuit court transferred count IV of the amended complaint—the breach of contract claim against Arcotech—from the law division to the first municipal division based on the amount in controversy. Plaintiff then moved for summary judgment on his breach of contract claim against Arcotech. On January 8, 2018, the circuit court granted summary judgment in favor of plaintiff on his breach of contract claim against Arcotech in the amount of $6250. Plaintiff filed a timely notice of appeal from the circuit court's orders dismissing his conversion claim against Piatti set forth in count III of the initial and amended complaints.

¶ 9 ANALYSIS

¶ 10 On appeal, plaintiff argues that the circuit court erred by dismissing his conversion claim against Piatti pursuant to section 2-619 of the Code. Plaintiff argues that, in addition to alleging facts to support each element of a conversion claim, his claim was not barred by any affirmative matter. Specifically, he argues that the $6250 was a "specific identifiable fund capable of sustaining a conversion action." He argues that the $6250 is not in the nature of a general obligation or debt because no creditor-debtor relationship exists between him and Piatti, since plaintiff paid money to Arcotech, not Piatti. Plaintiff further argues that if this court reverses the circuit court's dismissal of his conversion claim, we should remand to the circuit court with instructions to transfer this case to the law division as opposed to the first municipal division.

¶ 11 We review *de novo* a circuit court's ruling on a motion to dismiss. *Lyons v. Ryan*, 201 Ill. 2d 529, 534 (2002). A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of the complaint and asserts an affirmative matter outside the pleading that avoids the legal effect of or defeats the claim. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 20. In ruling on a

- 3 -

section 2-619 motion, we accept as true all well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in plaintiff's favor. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995). An affirmative matter in a section 2-619(a)(9) motion is a defense that negates the cause of action completely or refutes conclusions of law or conclusions of fact contained in the complaint that are unsupported by allegations of specific fact upon which the conclusions rest. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994). The affirmative matter must be apparent on the face of the complaint or supported by affidavits or other evidentiary materials. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). The defendant bears the initial burden of establishing that the affirmative matter defeats the plaintiff's claim; if the defendant satisfies the burden, the burden shifts to the plaintiff to demonstrate that the defense is unfounded or requires the resolution of a material fact. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 37.

¶ 12 Conversion is any unauthorized act that deprives a person of their property permanently or for an indefinite amount of time. *In re Thebus*, 108 Ill. 2d 255, 259 (1985). "The essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." (Internal quotation marks omitted.) *Roderick Development Investment Co. v. Community Bank of Edgewater*, 282 Ill. App. 3d 1052, 1057 (1996) (citing *In re Thebus*, 108 Ill. 2d at 259). In order to state a claim for conversion, a plaintiff must allege (1) the defendant's unauthorized and wrongful assumption of control, dominion, or ownership over the plaintiff's personal property, (2) the plaintiff's right in the property, (3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally, and (4) the plaintiff's demand for possession of the property. *General Motors Corp. v. Douglass*, 206 Ill. App. 3d 881, 886 (1990). "Money may be the subject of conversion, but it must be capable of being described as a specific chattel, although it is not necessary for purposes of identification that money should be specifically earmarked." *In re Thebus*, 108 Ill. 2d at 260. "[T]he general rule is that conversion will not lie for money represented by a general debt or obligation. It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use." *Id.* at 261.

¶ 13 Here, the allegations in count III of plaintiff's initial and amended complaint stated a claim for conversion against Piatti. Plaintiff alleged that (1) Piatti, in his role as president of Arcotech, agreed to refund the $6250 within 120 days of the date on which plaintiff submitted a written refund request; (2) by refusing to authorize the refund, Piatti maintained wrongful control over the $6250; (3) plaintiff had a right of immediate possession of the $6250 after the 120-day period lapsed and that his right was absolute and unconditional; and (4) plaintiff made a demand for the money, which was never honored. Plaintiff further alleged that Piatti was liable for conversion because Piatti "actively participated in the unauthorized deprivation of $6,250.00 rightfully belonging to" plaintiff. These factual allegations are sufficient to state a conversion claim against Piatti.

¶ 14 We next turn to the issue before us on appeal and find that Piatti's motion to dismiss did not identify any affirmative matter that, if true, would negate plaintiff's conversion claim. Piatti relies on *In re Thebus* and *Eggert v. Weisz*, 839 F.2d 1261 (7th Cir. 1988) to argue that the $6250 was in the nature of a general debt or obligation because plaintiff "cannot identify a specific fund or money and therefore there is simply a debt rather than an action for conversion." Additionally, in the circuit court, Piatti argued that the $6250 was "[p]laintiff's payment for the services to be rendered by Arcotech" and was "no more than a payment

received from a customer and thus not a proper subject of a conversion action." Piatti also relies on two nonbinding federal district court decisions, *3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F. Supp. 2d 932 (N.D. Ill. 2000) and *Rasmussen v. Sports Media Sales, Inc.*, 691 F. Supp. 153 (N.D. Ill. 1988), to argue that the $6250 was "not segregated in any account or otherwise earmarked or kept as distinct," and was thus not the proper subject of a conversion action.

¶ 15     We rejected similar arguments in *Roderick*. There, the defendant bank received monthly payments from the purchaser of an apartment building, and the bank was to distribute 5% of the monthly payments to the plaintiff. When the purchaser made a final lump sum payment to pay off the balance of the purchase agreement, the bank refused to distribute 5% of the lump sum payment to the plaintiff. The plaintiff sued the defendant bank for conversion. The circuit court dismissed the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 1992)) and the plaintiff appealed. We reversed. In defense of the circuit court's judgment, the bank argued that "an action for conversion may not be maintained for a mere failure to pay money unless it is capable of being described as a specific chattel." *Roderick*, 282 Ill. App. 3d at 1058. In addressing this argument, we examined our supreme court's decision in *In re Thebus*, an attorney discipline case, in which the court held that an attorney had not been shown to have converted government funds by failing to remit federal withholdings to the federal government that the attorney withheld from his employees' paychecks. *In re Thebus*, 108 Ill. 2d at 264. The supreme court examined the nature of the funds withheld and determined that the funds represented a general debt or obligation rather than an identifiable fund. *Id.* at 262. In *Roderick*, however, we determined that the plaintiff's 5% interest in the trust was an identifiable fund because the amount was easily determined. *Roderick*, 282 Ill. App. 3d at 1059. The same is true here. There is no dispute that plaintiff demanded a refund of $6250, as that amount was specifically refundable under the original service agreement, and that defendants never refunded that amount. Furthermore, we believe that the $6250 was not merely a debt or general obligation to pay money. Plaintiff did not have any contract with Piatti individually because the service agreement was between plaintiff and Arcotech. In other words, Piatti never had any individual debt or obligation to plaintiff, and thus no debtor-creditor relationship existed between plaintiff and Piatti. The thrust of plaintiff's complaint is that Piatti exercised unauthorized control over money legally due plaintiff and kept that money for himself when he refused to authorize Arcotech to refund the money due plaintiff.

¶ 16     Furthermore, there is no requirement in Illinois that, in order to be the proper subject of a conversion action, identifiable funds must be earmarked or kept segregated from other money. In *In re Thebus*, our supreme court specifically observed that a fund need not be earmarked in order to be specifically identifiable for the purposes of a conversion action. *In re Thebus*, 108 Ill. 2d at 260. In *Roderick*, we held that, for the purposes of a conversion action, money need not be segregated from other funds. *Roderick*, 282 Ill. App. 3d at 1062-63. And as we observed in *Roderick*, a rule prohibiting a conversion claim for funds that are not segregated would give the converter the ability to control whether funds are subject to a conversion claim. *Id.* at 1063. In Illinois, it is sufficient that the money be adequately identified by description, which is undoubtedly the case here. Furthermore, the nonbinding federal district court cases on which Piatti relies for a contrary rule we view as persuasive authority only, and we believe that those decisions place too much emphasis on the segregation of funds element. Piatti's reliance on

those cases is particularly misplaced here, where the money can easily be identified as a fixed sum.

¶ 17 Finally, Piatti argues that corporate officers are generally not liable for corporate obligations and that "there is nothing put forth by [plaintiff] that would justify a finding that [Piatti] individually acted in any conversion." That is a matter of proof, and should not be decided on a motion to dismiss. Plaintiff's complaint asserted that Piatti wrongfully exercised control over the $6250, which is enough to survive a motion to dismiss. Whether plaintiff can ultimately prove that allegation is yet to be determined.

¶ 18 In sum, we conclude that Piatti failed to identify any affirmative matter that would negate plaintiff's conversion claim. The circuit court erred by dismissing count III of plaintiff's complaint pursuant to section 2-619 of the Code. We therefore reverse the judgment of the circuit court as to count III and remand for further proceedings. Although plaintiff requests a remand to the law division because he seeks punitive damages, we note that punitive damages are also available in proceedings in the first municipal division. We express no opinion as to whether count III of plaintiff's claim belongs in the law division or first municipal division of the circuit court. We therefore remand this matter to the presiding judge of the law division for assignment and further proceedings consistent with this decision.

¶ 19 CONCLUSION

¶ 20 For the foregoing reasons, the judgment of the circuit court is reversed, and we remand this matter to the presiding judge of the law division to determine which division of the circuit court should hear plaintiff's conversion claim.

¶ 21 Reversed and remanded with directions.