PAMELA BLASS *v.* RITE AID OF CONNECTICUT, INC.
(AC 31563)

Harper, Beach and Bear, Js.

Argued December 3, 2010—officially released March 29, 2011

*Peter M. Van Dyke,* for the appellant (plaintiff).

*Charles L. Howard,* with whom was *Laurie A. Sullivan,* for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, Pamela Blass, appeals from the judgment of the trial court, granting the motion of the defendant, Rite Aid of Connecticut, Inc., to dismiss her complaint alleging improper collection of sales tax in violation of the Sales and Use Taxes Act, General Statutes § 12-406 et seq., and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The plaintiff claims that the trial court improperly concluded that it lacked subject matter jurisdiction over her claim because she failed to exhaust her administrative remedies. We disagree and affirm the judgment of the trial court.

The record, including the findings set forth in the trial court's memorandum of decision, reveals the following facts and procedural history that are relevant to our resolution of the plaintiff's claim. On May 15, 2008, the defendant collected from the plaintiff twenty-four cents in sales tax. The sales tax was based on the gross purchase price of $3.96 for four items costing ninety-nine cents each and was calculated prior to deducting the full value of two coupons the plaintiff had submitted, which were valued at $1 each. On January 22, 2009, the plaintiff filed her complaint, seeking to represent

herself and similarly situated plaintiffs in a class action lawsuit.[1] It is undisputed that the plaintiff did not avail herself of any administrative remedies prior to filing her complaint. The plaintiff claimed that by charging her twenty-four cents in sales tax based on the precoupon total sale price of $3.96, rather than charging her twelve cents in sales tax based on the postcoupon sale price of $1.96, the defendant violated General Statutes §§ 12-408, 12-411, and 12-407 (a) (8) (A) and (9) (A). The plaintiff further alleged that by calculating sales tax before deducting the value of the coupons, and thereby collecting from her a larger amount of tax than allowed by law,[2] the defendant engaged in an unfair and deceptive trade practice in violation of CUTPA. On February 5, 2009, the defendant filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction over the claim because the plaintiff failed to exhaust her administrative remedies. The court, *Sheldon, J.*, granted the defendant's motion to dismiss on August 7, 2009. In its memorandum of decision, the court concluded that the Sales and Use Taxes Act provides an adequate administrative remedy that the plaintiff was required to exhaust before bringing her action to the trial court. Moreover, the court concluded that the plaintiff did not have recourse to an independent

[1] At the time the motion to dismiss was granted, no class had been certified.

[2] General Statutes § 12-408 (1) provides in relevant part that "a tax is hereby imposed on all retailers at the rate of six per cent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail . . . ." The term "gross receipts," as it is used in § 12-408 (1), is defined in General Statutes § 12-407 (9) (A) as "the total amount of the sales price from retail sales of tangible personal property by a retailer . . . ." The term "sales price" is defined as excluding "the full face value of any coupon used by a purchaser to reduce the price paid to a retailer for an item of tangible personal property . . . ." General Statutes § 12-407 (8) (B). The basis of the plaintiff's claim is that these statutes require a retailer to calculate the sales tax as 6 percent of the price paid for the item after deducting the full face value of the coupons. The plaintiff alleges that the defendant calculated the sales tax before deducting the value of the coupon in violation of the procedure set forth in these statutes.

cause of action under CUTPA for the defendant's alleged miscalculation of sales tax.

On appeal, the plaintiff essentially renews the arguments made before the trial court. After a thorough review of the record, we conclude that the judgment of the trial court should be affirmed. Moreover, because the court's thorough and well reasoned memorandum of decision correctly and concisely addresses the issues raised in the present appeal, we adopt it as a proper statement of the law and applicable facts on the issues. See *Blass* v. *Rite Aid of Connecticut, Inc.*, 51 Conn. Sup. 622, 16 A.3d 855 (2009). It would serve no useful purpose for this court to engage in further discussion of the issues. See, e.g., *National Waste Associates, LLC* v. *Travelers Casualty & Surety Co. of America*, 294 Conn. 511, 515, 988 A.2d 186 (2010).

The judgment is affirmed.