2018 IL App (1st) 170362

FIRST DIVISION
April 23, 2018

No. 1-17-0362

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| DESTIN McINTOSH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 16 CH 10738 |
| WALGREENS BOOTS ALLIANCE, INC., | ) ) | The Honorable Diane J. Larsen, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Simon and Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Destin McIntosh filed a putative class-action complaint seeking damages from

defendant Walgreens Boots Alliance, Inc., for allegedly imposing and collecting the Chicago

Bottled Water Tax (Chicago Municipal Code § 3-43-010 *et seq.* (added Nov. 13, 2007)) on retail

sales of beverages that were exempt from the tax. Defendant filed a motion to dismiss plaintiff's

complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-

619(a)(9) (West 2016)), arguing that plaintiff's claim was barred by the voluntary payment

doctrine. The circuit court granted defendant's motion and dismissed plaintiff's complaint with

prejudice. Plaintiff appeals. For the following reasons, we reverse the circuit court's judgment and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     Since January 1, 2008, the City of Chicago (City) has imposed a five-cent tax on the retail sale of each bottle of water sold in the city. Chicago Municipal Code § 3-43-030 (added Nov. 13, 2007). The retail bottled water dealer is required to include the tax in the sale price of the bottled water. *Id.* The purchaser of bottled water is ultimately liable to the City for payment of the tax. *Id.* § 3-43-040. The wholesale bottled water dealer is responsible for collecting the tax from the retail bottled water dealer and is responsible for reporting and remitting the tax to the City. Chicago Municipal Code § 3-43-050(A) (amended Nov. 16, 2011). Furthermore, "[a]ny wholesale bottled water dealer who shall pay the tax levied *** shall collect the tax from each retail bottled water dealer in the city to whom the sale of said bottled water is made, and any such retail bottled water dealer shall in turn then collect the tax from the retail purchaser of said bottled water." *Id.* § 3-43-050(B). Alternatively, "[i]f any retailer located in the City shall receive or otherwise obtain bottled water upon which the tax imposed herein has not been collected by any wholesale bottled water dealer, then the retailer shall collect such tax and remit it directly" to the City. *Id.* § 3-43-050(C).

¶ 4     The City specifically excludes certain bottled beverages from the tax. The exceptions are set forth in the Chicago Bottled Water Tax Guide, https://www.cityofchicago.org/content/dam /city/depts/rev/supp_info/TaxSupportingInformation/BottledWaterTaxGuide.pdf (last visited Apr. 18, 2018). The tax guide states that "taxable products" include, "In general, all brands of non[-]carbonated bottled water intended for human consumption." *Id*. The tax guide then lists 12 "non-taxable examples" of products that are exempt from the tax. Relevant to the matter before

us, the City exempts Perrier, mineral water, and "other products similar to those listed above due to carbonation and/or other features such as flavoring." *Id*.

¶ 5 On August 15, 2016, plaintiff filed a verified class-action complaint seeking damages under the Consumer Fraud and Deceptive Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2016)). For the purposes of this appeal, we accept as true all the well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in his favor. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). The complaint alleged that in November 2015, news outlets reported that defendant was charging the tax on sparkling water sales that were supposed to be exempt. These reports included photos of receipts reflecting the imposition of the tax on purchases of exempt products. In response to these reports, defendant announced that it had "corrected the issue." Plaintiff alleged that in 2015, he purchased Perrier, LaCroix, and Smeraldina on multiple occasions from four different Walgreens locations in Chicago. He alleged that he was charged the tax on each of his purchases of carbonated, flavored, and mineral water, even though the beverages were exempt from the tax.[1] He further alleged that he did not "expect or bargain" to be charged the tax and "did not realize" he had been charged the tax.

¶ 6 Plaintiff's one-count complaint asserted that defendant represented to purchasers of bottled water that "the total price included the tax required and allowable by law" and that defendant "knowingly overcharged taxes" to plaintiff and others "by improperly charging the [tax] on sales of carbonated, flavored and mineral water." Plaintiff claimed that defendant's overcharge "was inconspicuous in that only a close inspection and investigation of the applicable tax rates and specific rates charged by [defendant] would reveal the overcharge." Plaintiff claimed that defendant's conduct constituted "a deceptive and unfair practice" under the

---

[1]Plaintiff's complaint acknowledged that he did not have receipts for any of his purchases.

Consumer Fraud Act because defendant intended plaintiff and others to rely on its representations in order to purchase products sold by defendant. The complaint alleged that defendant's "unfair and deceptive practices took place in the course of trade or commerce" and that plaintiff and others "suffered injuries in fact and actual damages, including the loss of money and costs incurred as a result of [defendant's] violation" of the Consumer Fraud Act. Finally, plaintiff alleged that his and others' injuries were proximately caused by defendant's unfair and deceptive behavior, "which was conducted with reckless indifference toward the rights of others, such that punitive damages are appropriate." The complaint sought an order certifying a class and awarding actual and statutory damages, reasonable attorney fees and costs, and other relief.

¶ 7    Defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)). Defendant argued that plaintiff's claim was barred by the voluntary payment doctrine because the tax "was disclosed to [p]laintiff at the time he paid it, and the tax was remitted to the taxing authority." The motion was fully briefed. On January 27, 2017, the circuit court held a hearing on the motion to dismiss. A handwritten order was entered that same day granting defendant's motion to dismiss the complaint with prejudice "for the reasons stated in open court based on *Lusinski v. Dominick's* [*Finer Foods, Inc.*], 136 Ill. App. 3d 640 [(1985)]."[2] Plaintiff filed a timely notice of appeal.

¶ 8                                    ANALYSIS

¶ 9    Plaintiff raises two related arguments on appeal. First, he argues that the voluntary payment doctrine *per se* does not apply to claims under the Consumer Fraud Act. He contends that the Consumer Fraud Act codified public policy and that the voluntary payment doctrine does

---

[2]The record on appeal does not contain a transcript of the circuit court's hearing on the motion to dismiss.

not apply to causes of action based on statutorily codified public policy. He relies primarily on our decision in *Nava v. Sears, Roebuck & Co.*, 2013 IL App (1st) 122063, in support of his argument. Second, he argues that even if the voluntary payment doctrine does apply to Consumer Fraud Act claims, his Consumer Fraud Act claim satisfies the doctrine's fraud exception. He contends that the circuit court's reliance on *Lusinski* was misplaced because that case did not involve any allegation of fraud. We address these arguments in turn.

¶ 10    We review *de novo* a circuit court's ruling on a motion to dismiss. *Lyons v. Ryan*, 201 Ill. 2d 529, 534 (2002). A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of the complaint and asserts an affirmative matter outside the pleading that avoids the legal effect of or defeats the claim. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 20. In ruling on a section 2-619 motion, we accept as true all well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in plaintiff's favor. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995). Conclusions of law or fact, however, will not be accepted as true unless supported by specific factual allegations. *Merrilees v. Merrilees*, 2013 IL App (1st) 121897, ¶ 14 (citing *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 47 (1991)). An affirmative matter in a section 2-619(a)(9) motion is a defense that negates the cause of action completely or refutes conclusions of law or conclusions of fact contained in the complaint that are unsupported by allegations of specific fact upon which the conclusions rest. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994). The affirmative matter must be apparent on the face of the complaint or supported by affidavits or other evidentiary materials. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). The defendant bears the initial burden of establishing that the affirmative matter defeats the plaintiff's claim; if the defendant satisfies the burden, the burden shifts to the plaintiff to demonstrate that the defense is unfounded or requires the resolution of a material fact. *Id.*

¶ 11    First, plaintiff argues that the voluntary payment doctrine *per se* does not apply to claims under the Consumer Fraud Act because the Act statutorily defines our state's public policy. We disagree with plaintiff that all Consumer Fraud Act claims are categorically exempt from the voluntary payment doctrine. We do, however, agree with *Nava* that the voluntary payment doctrine does not apply where the plaintiff has asserted a Consumer Fraud Act claim based on a deceptive practice or act.

¶ 12    "The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Cripe v. Leiter*, 184 Ill. 2d 185, 190-91 (1998). Section 2 of the Consumer Fraud Act declares as unlawful

> "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce." 815 ILCS 505/2 (West 2016).

To state a claim under the Consumer Fraud Act, a plaintiff must allege "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417 (2002).

¶ 13    The voluntary payment doctrine states that money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be

6

recovered back on the ground that the claim was illegal. *Getto v. City of Chicago*, 86 Ill. 2d 39, 48-49 (1981) (citing *Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535, 541 (1908)). "Absent fraud, misrepresentation, or mistake of fact, money voluntarily paid under a claim of right to the payment, with full knowledge of the facts by the person making the payment, cannot be recovered unless the payment was made under circumstances amounting to compulsion." *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 675 (2003) (citing *Nickum*, 159 Ill. at 497); see also *Lusinski*, 136 Ill. App. 3d at 643-44 (finding that voluntary payment doctrine bars claims against a retailer for erroneously imposed taxes absent a showing that customer paid taxes either (1) without knowledge of facts sufficient to form a basis for protesting the tax or (2) under duress).

¶ 14    In *Nava*, the plaintiff asserted a Consumer Fraud Act claim alleging that the defendant improperly assessed state sales taxes on the entire retail sale price of digital television converter boxes where part of the sale price was subsidized by a federal consumer voucher program. *Nava*, 2013 IL App (1st) 122063, ¶ 1. The defendant, in part, raised an affirmative defense that plaintiff's claim was barred by the voluntary payment doctrine. *Id.* ¶ 2. The parties filed cross-motions for summary judgment, and the circuit court granted summary judgment in favor of the defendant. *Id.* ¶ 5. We reversed. We concluded that, because the federal government is exempt from state sales and use taxes (35 ILCS 120/2-5(11) (West 2010); 35 ILCS 105/3-5(4) (West 2010)), its voucher reimbursement could not be taxed. *Nava*, 2013 IL App (1st) 122063, ¶ 18. We then found that the plaintiff had produced sufficient evidence to create a genuine issue of material fact as to each element of his Consumer Fraud Act claim and that the defendant was not entitled to summary judgment. *Id.* ¶¶ 20-23. We then rejected the defendant's argument that the plaintiff's claim was barred by the voluntary payment doctrine, observing that the doctrine "does

not apply where the payment was procured by deception or fraud." *Id.* ¶ 24. We further found that "because the doctrine cannot apply to impede causes of action based on statutorily defined public policy, this court has held that it should not apply to claims brought under the [Consumer Fraud] Act." *Id.* (citing *Ramirez v. Smart Corp.*, 371 Ill. App. 3d 797, 805 n.2 (2007)).

¶ 15     In *Ramirez*, the plaintiff asserted, in part, a Consumer Fraud Act claim against the defendant medical record retrieval and copying service, alleging that the defendant overcharged patients for its service. *Ramirez*, 371 Ill. App. 3d at 799. The circuit court determined that the voluntary payment doctrine barred the plaintiff's claim and granted summary judgment in favor of the defendant. *Id.* at 801. On appeal, the plaintiff argued that she adequately pleaded that her payment was made under duress and that she lacked a reasonable alternative method for obtaining her medical records, which precluded the application of the voluntary payment doctrine. *Id.* We reversed the circuit court's judgment, finding that there were genuine issues of material fact as to the availability of reasonable alternative services. *Id.* at 803. We further considered whether the section 8-2001 of the Code ("Hospital Records Act") (735 ILCS 5/8-2001 (West 1998)), which obligates hospitals to enable patients to obtain copies of their medical records, precluded the application of the voluntary payment doctrine. Relying on a case from Tennessee, we concluded that the Hospital Records Act contained an implied element of reasonableness in the billing of patients for services. *Ramirez*, 371 Ill. App. 3d at 804 (citing *Pratt v. Smart Corp.*, 968 S.W.2d 868 (Tenn. Ct. App. 1997)). We found that the voluntary payment doctrine would not impede the plaintiff's claim of excessive charges because her claim "might well violate the intent of the Hospital Records Act, *i.e.*, that a party must act reasonably when fulfilling its mandate." *Id.* In a footnote, we observed that the plaintiff's complaint alleged a Consumer Fraud Act claim and noted that

"[t]he Consumer Fraud Act is a regulatory and remedial statute intended to give broad protection to consumers, borrowers, and business people against fraud, unfair methods of competition, and other unfair and deceptive business practices. [Citations.] The object of the statute is the protection of the public interest. [Citation]. Thus, [the defendant's] allegedly excessive charges would violate the fairness requirements of the Consumer Fraud Act as well." *Id.* at 805 n.2.

¶ 16    Aside from the fact that the footnote in *Ramirez* is *obiter dictum* (see *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 41 (noting that "*obiter dictum* \*\*\* means a remark or opinion uttered by the way")), the *Ramirez* court reached its conclusion without considering our decision in *Flournoy v. Ameritech*, 351 Ill. App. 3d 583 (2004). In *Flournoy*, the plaintiff asserted claims of fraud and negligence against the defendant prison telephone service provider. The plaintiff alleged that the defendant deliberately terminated collect calls he made from a prison phone, resulting in additional charges to the recipient of the calls in the form of initial calling fees and surcharges, and that the plaintiff sent money every month to his mother to cover the cost of his collect calls. *Id.* at 584. The circuit court dismissed the plaintiff's complaint under sections 2-615 and 2-619 of the Code. We reversed, concluding that the plaintiff adequately stated a cause of action under the Consumer Fraud Act. *Id.* at 587. We further held that the voluntary payment doctrine did not bar the plaintiff's claim because we concluded that the plaintiff sufficiently alleged a deceptive practice and that his claim was "in the nature of fraud." *Id.* We distinguished between Consumer Fraud Act claims based on unfair practices, which are barred by the voluntary payment doctrine, and Consumer Fraud Act claims based on deceptive practices or fraud, which are not barred by the voluntary payment doctrine. *Id.* (observing that in *Jenkins*, "the plaintiffs did not allege fraud sufficient to defeat the voluntary payment doctrine

because their claim under the Consumer Fraud Act was based on an unfair practice rather than deception or fraud").

¶ 17 Regardless of whether the footnote in *Ramirez* is a fully accurate statement of the law, both *Nava* and *Flournoy* make clear that when a plaintiff sufficiently pleads a Consumer Fraud Act claim based on a deceptive act or that is in the nature of fraud, the voluntary payment doctrine does not apply and is not a bar to the plaintiff's claim. Here, plaintiff's underlying allegation is that defendant imposed a tax on transactions that were exempt from that tax. Therefore, to avoid the application of the voluntary payment doctrine, plaintiff's complaint must sufficiently allege a deceptive act or fraudulent conduct by defendant.

¶ 18 Plaintiff contends that his Consumer Fraud Act claim alleges a deceptive practice or otherwise satisfies the fraud exception to the voluntary payment doctrine. He asserts that, "Here, *** [p]laintiff alleges that [defendant] knew it was not supposed to charge or collect the bottled water tax on [p]laintiff's purchases, yet [d]efendant deceptively represented that it could, and then in fact collected the monies from [p]laintiff." Defendant responds that plaintiff's complaint failed to allege sufficient facts to satisfy the fraud exception to the voluntary payment doctrine and failed to state a claim under the Consumer Fraud Act because he failed to allege sufficient facts to show that defendant intended to induce plaintiff's reliance on any misrepresentation. In his reply brief, plaintiff argues that defendant "forfeited" any argument regarding the sufficiency of his complaint by failing to raise that argument in the circuit court. Plaintiff's forfeiture argument, however, is misplaced. "[A]n appellee may raise any argument in support of the circuit court's judgment, even if the argument was not raised in the circuit court, as long as the argument has a sufficient factual basis in the record." *BMO Harris Bank National Ass'n v. LaRosa*, 2017 IL App (1st) 161159, ¶ 16. Therefore, we will evaluate plaintiff's

10

complaint to determine whether it contains sufficient factual allegations to state a deceptive act or fraud claim under the Consumer Fraud Act.

¶ 19    Disregarding all of the numerous legal conclusions in plaintiff's complaint, he alleged that at the time he purchased Perrier, LaCroix, and Smeraldina from defendant, he did not know that his purchases were exempt from the bottled water tax. He further alleged that defendant (1) represented to purchasers of bottled beverages that the total purchase price included taxes required and allowable by law, (2) charged customers the bottled water tax on purchases of beverages that were exempt from the tax, (3) intended for its customers to rely on its representation that the total purchase price included required and allowable taxes, and (4) made its representations in the course of trade or commerce. Plaintiff further alleged that he and other customers suffered injuries and actual damages that were proximately caused by defendant's conduct.

¶ 20    We find that plaintiff's complaint sufficiently alleges a deceptive act and stated a claim under the Consumer Fraud Act and, therefore, the voluntary payment doctrine does not bar plaintiff's claim. As set forth above, the Consumer Fraud Act prohibits "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any [such] material fact *** in the conduct of trade or commerce." 815 ILCS 505/2 (West 2016). We held in *Nava* that, "[i]f, as the plaintiff alleges, the defendant charged a tax neither it nor the plaintiff was bound to pay, it can be found to have engaged in a deceptive act" for the purposes of the Consumer Fraud Act. *Nava*, 2013 IL App (1st) 122063, ¶ 20. Furthermore, we held that the defendant's intent that the plaintiff rely on a deceptive act might be established by the fact that the customer's payment of the tax was a natural and predictable consequence of the defendant asking the plaintiff to do so. *Id.* (noting that the

defendant's intent that a plaintiff rely on a deceptive act does not require proof that the defendant intended to deceive the plaintiff). Here, plaintiff alleged that defendant represented to customers that the bottled beverages they purchased were subject to the bottled water tax, when the purchased products were in fact exempt from the tax, and represented to customers that the purchase price of the beverages included the required tax. Plaintiff further alleged that defendant intended that its customers rely on its representation that the products were subject to the tax when the customers were in fact buying tax-exempt products. Taking those allegations as true, the defendant could be found to have engaged in a deceptive act, which precludes the application of the voluntary payment doctrine as a defense. We find that plaintiff has sufficiently alleged a Consumer Fraud Act claim in the nature of fraud and, therefore, the voluntary payment doctrine does not bar his claim. We therefore reverse the circuit court's order dismissing plaintiff's complaint and remand for further proceedings.

¶ 21                              CONCLUSION

¶ 22    For the foregoing reasons, the judgment of the circuit court is reversed, and we remand for further proceedings.

¶ 23    Reversed and remanded.