2023 PA SUPER 40

| | |
|---|---|
| DANIEL GARCIA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| FOOT LOCKER RETAIL, INC., FOOT LOCKER SPECIALTY, INC., AND FOOT LOCKER STORES, INC. | |
| Appellants | No. 1453 WDA 2021 |

Appeal from the Order Entered September 2, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-21-002107

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

OPINION BY **STABILE, J.:**                     **FILED: MARCH 14, 2023**

Appellants, Foot Locker Retail, Inc., Foot Locker Specialty, Inc., and Foot Locker Stores, Inc. (collectively "Foot Locker"), take this interlocutory appeal from the trial court's September 2021 order overruling their preliminary objections to the class action complaint of Appellees, Daniel Garcia and all others similarly situated.  We reverse.

In its retail stores, Foot Locker sold cloth face masks commonly worn during the Covid-19 pandemic.  Appellee Daniel Garcia ("Garcia") alleges that he purchased a cloth face mask from Foot Locker on September 29, 2020.  He retained a sales receipt indicating that he paid sales tax on it, and that the sales tax was improper because the Pennsylvania Department of Revenue

("Dor") treated cloth face masks as medical supplies during the pandemic. On March 9, 2021, Garcia filed this class action complaint on behalf of himself and all others similarly situated. On April 1, 2021, Foot Locker filed preliminary objections alleging, among other things, that Garcia failed to state a claim upon which relief can be granted. Pa.R.Civ.P. 1028(a)(4). Garcia filed an amended complaint on April 23, 2021, and Appellants filed preliminary objections on May 20, 2021. The trial court heard argument on August 10, 2021 and on September 2, 2021 entered an order overruling the preliminary objections. This Court granted permission for an interlocutory appeal by order of December 10, 2021.[1] The sole issue before us is whether the collection of sales tax on nontaxable items, as alleged in Garcia's complaint, is cognizable under the UTPCPL.

The law governing preliminary objections is well-settled:

> Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

---

[1] Pa.R.A.P. 312, 1311(a).

*Caltagirone v. Cephalon, Inc.*, 190 A.3d 596, 599 (Pa. Super. 2018) (citations omitted), *appeal denied*, 195 A.3d 854 (Pa. 2018). Our standard of review is *de novo*. *Id.*

Garcia's allegations include the following:

20. Plaintiff bought a protective face mask from Defendants at a retail store located at 1000 Ross Park Mall Drive, Pittsburgh, PA 15237, on September 29, 2020.

21. Defendants advertised the mask Plaintiff purchased as costing $13.00.

22. Yet Defendants charged, and Garcia paid, $13.91 for the mask.

23. The extra $0.91 equals 7% of the mask's advertised price.

24. The sales receipt Plaintiff received identified the extra $0.91 as sales tax.

25. This representation was false and deceptive because sales tax was not owed on the face masks.

26. No sales tax was owed on the protective face masks Plaintiff purchased because the protective face masks were designed and intended to be used as medical supplies and everyday wear. 72 P.S. §§ 7204(17), (26).[2]

27. Without vaccines available to the public, nothing else existed to protect Plaintiff and his family against the coronavirus disease and/or illness when Plaintiff bought the protective face masks, making it clear they were designed and intended to meet consumer demand for help preventing disease and illness (and allergies).

_____

[2] These subsections exclude medical supplies (72 P.S. § 7204(17)) and articles of clothing (72 P.S. § 7204(26)) from sales tax.

28. This is even more evident considering Defendants did not sell protective face masks before the coronavirus pandemic, which Plaintiff alleges on information and belief.

29. Products designed and intended for these purposes qualify as medical supplies and are exempt from sales tax. 61 Pa. Code §§ 52.1(a), (b).

30. Defendants included information within the packaging of the masks Plaintiff purchased affirming the masks are designed and intended as everyday wear, as Defendants recommended consumers clean the masks "daily." *See* ¶ 8.

31. Articles of clothing designed to be cleaned daily constitute "ordinary or everyday wear" and are also exempt from sales tax.

32. Plaintiff lost money and the retention, use, and benefit of that money as a result of the overcharge Defendants caused him to pay on non-taxable protective facemasks.

First Amended Complaint, April 23, 2021, at ¶¶ 20-32.

The first amended complaint alleges that Appellants' conduct constitutes actionable conduct under the UTPCPL. The UTPCPL forbids "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S.§ 201-3(a). UTPCPL defines "trade" and "commerce" as follows:

(3) "Trade" and "commerce" mean the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth.

73 P.S. § 201-2(3), 1968 Pa. Laws 1224.

Appellants argue that collection of tax does not meet the definition of "trade or commerce," and that their alleged conduct does not meet any

- 4 -

definition of unlawful conduct under § 201-2(4). They argue that the DoR is responsible for determining which items are taxable and which are not, and that the DoR also offers a remedy for consumers who believe they have been charged tax they did not owe.

Because the threshold issue before us is the proper interpretation of "trade or commerce," as that phrase is defined in the UTPCPL, and because there is no binding precedent from the Court of this Commonwealth, we begin with the principles of statutory construction. Our primary goal is to give effect to the intentions of the General Assembly. 1 Pa.C.S.A. § 1921(a); **Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC**, 194 A.3d 1010, 1027 (Pa. 2018).

> To accomplish this, we consider the statutory language at issue not in isolation, but in the context in which it appears. **Commonwealth v. Kingston**, 636 Pa. 438, 143 A.3d 917, 922 (2016); **see also Rossi v. Commonwealth**, 580 Pa. 238, 860 A.2d 64, 66 (2004) ("[I]ndividual statutory provisions must be construed with reference to the entire statute of which they are a part[.]"). The best indication of legislative intent is the plain language of a statute. **Commonwealth v. Gilmour Mfg. Co.**, 573 Pa. 143, 822 A.2d 676, 679 (2003). Words and phrases ordinarily should be understood according to their common and approved usage. **White Deer Twp. v. Napp**, 603 Pa. 562, 985 A.2d 745, 760 (2009) (**citing** 1 Pa.C.S. § 1903(a)). When the words of a statute are clear and unambiguous, we must give effect to the plain language, and we cannot ignore the text of the statute in pursuit of its spirit. 1 Pa.C.S. § 1921(b).

**Id.** at 1027-28.

Regarding the intentions of the General Assembly, our Supreme Court has written that "[t]he UTPCPL was created to even the bargaining power

between consumers and sellers in commercial transactions, and to promote that objective, it aims to protect the consumers of the Commonwealth against fraud and unfair or deceptive business practices." *Id.* at 1023.

> The Legislature sought by the Consumer Protection Law to benefit the public at large by eradicating, among other things, 'unfair or deceptive' business practices. Just as earlier legislation was designed to equalize the position of employer and employee and the position of insurer and insured, this Law attempts to place on more equal terms seller and consumer. These remedial statutes are all predicated on a legislative recognition of the unequal bargaining power of opposing forces in the marketplace.

*Commonwealth by Creamer v. Monumental Properties, Inc.*, 329 A.2d 812, 815–16 (Pa. 1974). "As a remedial statute, it is to be construed liberally to effectuate that goal." *Golden Gate*, 194 A.3d at 1023.

As noted above, the UTPCPL defines trade and commerce as the advertising, offering for sale, sale or distribution of property and services. There is no dispute that the sale of cloth facemasks qualifies as trade or commerce. As for the concomitant sales tax, and whether it is actionable under the UTPCPL, we look to § 203-1(a), which forbids "unfair methods of competition and unfair or deceptive acts or practices **in the conduct of** any trade or commerce." 73 P.S.§ 201-3(a) (emphasis added). The parties dispute whether the collection of sales tax in this case happened "in the conduct of" selling cloth facemasks.

Because the UTPCPL does not define "in the conduct of," we turn to the dictionary definition of "conduct."[3] According to Merriam Webster, "conduct," when used as a noun, means "the act, manner, or process of carrying on." https://merriam-webster.com/dictionary/conduct (last visited December 27, 2022). In our view, the dictionary definition of "conduct" does not support the trial court's ruling. Collection of sales tax is not itself the "act, manner, or carrying on" of advertising or selling a product. Rather, it is a statutory obligation attendant to the conduct or commerce. 72 P.S. § 7202(a). By statute, retailers must collect sales tax at the time of sale and remit it to the DoR. 72 P.S. § 7237(b)(1). Tax, once collected, is held in trust for the Commonwealth. 72 P.S. § 7225. The DoR will refund any taxes to which the Commonwealth was not entitled. 72 P.S. § 7252. Thus, a remedy is available to a consumer who pays tax on a nontaxable item. The import of §§ 7225 and 7252 is that "once a purchaser pays the seller a tax, **whether properly or improperly imposed**, that tax effectively becomes Commonwealth property, whether the seller transfers it to the Commonwealth or holds it in a trust fund for the Commonwealth. *Stoloff v. Neiman Marcus Grp., Inc.*, 24 A.3d 366, 373 (Pa. Super. 2011) (emphasis added). In other words, even if

---

[3] The rules of statutory construction provide that words and phrases are to be construed "according to the common and approved usage." 1 Pa.C.S.A. § 1903(a). "We have generally used dictionaries as source material for the common and approved usage of a term." *Fogle v. Malvern Courts, Inc.*, 772 A.2d 680, 682 (Pa. 1999).

a retailer collects tax where none is due, the money becomes the property of the Commonwealth. *Id.*

Considering these facts, it is not obvious that an action to address the alleged collection of sales tax on a nontaxable item advances the purpose of the UTPCPL. Retailers have no discretion in determining which items are taxable and which are not, and they have no profit motive to collect tax on nontaxable items because (1) doing so would put them at a competitive disadvantage against other retailers selling the same product; and (2) the tax revenue, collected properly or improperly, is held in trust for the government and therefore does not enrich the retailer. Furthermore, we observe that the Pennsylvania Code forbids retailers to include sales tax in the advertised price of a product. "When referred to in advertising or other price quotations, the tax shall be separately stated. For example, an article selling for 99¢ may not be advertised at '$1.05' or '$1.05 including tax' but shall be advertised at '99¢ plus tax,' '99¢ plus 6¢ tax' or '99¢.' 61 Pa. Code § 31.2(4). Furthermore, "[a] vendor may neither advertise nor otherwise state that the tax or any part thereof will be absorbed by the vendor or not be charged." 61 Pa. Code § 31.2(3). Thus, on the one hand the UTPCPL includes "advertising" in its definition of trade or commerce, and on the other hand the PA Code mandates that the applicable sales tax, if advertised at all, be advertised separately and identified as a tax. This mandatory distinction between the advertised price of a product and the advertised sales tax supports a conclusion that the

collection of sales tax is distinct from the conduct of trade or commerce as defined in the UTPCPL.

Other states considering this issue have concluded that collection of sales tax is not trade or commerce within the meaning of their consumer protection statutes. For example, in **Feeny v. Dell**, 908 N.E.2d 753 (Mass. 2009), the Supreme Judicial Court considered a claim that collection of sales tax on service contracts violated the state consumer protection statute. There, the plaintiffs did not allege that the defendants failed to remit the tax to the Commonwealth. **Id.** at 770. The Court reasoned that the defendant, in its collection of sales tax, acted pursuant to legislative mandate and as a trustee for the Commonwealth, not in furtherance of trade or commerce. **Id.** Absent an allegation that the defendant acted for its own self-enrichment, the plaintiff did not state a claim under the Massachusetts consumer protection statute. **Id.** at 771; **see also**, **McGonagle v. Home Depot, U.S.A., Inc.**, 915 N.E.2d 1083 (Mass. App. 2009) (holding that collection of sales tax, a statutory duty, was not actionable under the Massachusetts consumer protection law).

Similarly, in **Blass v. Rite Aid of Connecticut**, 16 A.3d 855 (Conn. Super. 2009), **aff'd**, 16 A.3d 737 (Conn. 2011), in a case arising under the Connecticut equivalent of the UTPCPL, the Court explained that improper collection of taxes does not constitute trade or commerce. "A retailer gains no personal benefit from the overcollection of taxes. In fact, such activity only

increases the retailer's prices, working against its economic interest." *Id.* at 863. The Court also noted that the retailer collected taxes as an agent of the state, and not on its own behalf. *Id. See also*, *BJ's Wholesale Club, Inc. v. Bugliaro*, 319 So.2d 711 (Fla. 2021) (holding that no remedy existed under the Florida consumer protection law because sales tax proceeds are state funds, and because the plaintiff conceded that the defendant was merely a conduit for the collection and remission of taxes).

Because these courts considered substantially identical statutory language under a uniform consumer protection law, their decisions deserve great deference from this Court. "Statutes uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them." 1 Pa.C.S.A. § 1927. "Accordingly, in construing a uniform law, this Court must consider the decisions of our sister states who have adopted and interpreted such uniform law and must afford these decisions great deference." *Sternlicht v. Sternlicht*, 876 A.2d 904, 911 n.13 (Pa. 2005).

Likewise, several opinions from Federal District Courts within this Commonwealth have concluded that collection of sales tax is not part of the conduct of trade or commerce as defined in the UTPCPL.[4] In *Lisowski v.*

---

[4] In the absence of binding state court precedent, we may turn to the federal courts for persuasive authority. *Umbelina v. Adams*, 34 A.3d 151, 159 n.2 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012).

*Walmart Stores, Inc.*, 552 F.Supp.3d 519 (W.D.Pa. 2021), the plaintiff alleged that Walmart improperly collected sales tax on nontaxable dietary supplements (5-Hour Energy drinks). *Id.* at 522. He filed a class action lawsuit alleging causes of action under the UTPCPL and common law. The Federal District Court held that a retailer's collection of taxes did not constitute trade or commerce within the meaning of the UTPCPL. The court explained:

> First, a retailer's incorrect assessment of sales tax is not conduct covered by the UTPCPL, which only regulates activity that is part of 'the conduct of any trade or commerce.' When collecting sales tax, a retailer is not conducting 'trade or commerce,' even if such collection occurs in connection with a commercial transaction. Instead, because the Commonwealth requires retailers to collect sales tax on the Commonwealth's behalf, the retailer steps into the shoes of the Commonwealth and acts as a state agent, motivated by public duty rather than private gain. Thus, while it is true that the UTPCPL extends broadly, as to regulate all manner of deceptive activity in the conduct of trade or commerce, it does not extend to regulate activity disconnected from the retailer's commercial interests, such as tax collection. [Plaintiff's] statutory claim fails for that reason.

*Id.* at 522 (citations omitted).[5]

In *McLean v. Big Lots*, 542 F.Supp.3d 343 (W.D.Pa. 2021), the Federal District Court dismissed a UTPCPL claim based on allegedly improper taxation of protective face masks. There, as here, the plaintiff alleged the facemasks were nontaxable medical supplies. *Id.* at 347. Plaintiff alleged unfair methods

---

[5] In a non-precedential decision, the Third Circuit affirmed on alternate grounds, holding that the plaintiff failed to allege justifiable reliance on an unlawful practice. *Lisowski v. Walmart Stores, Inc.*, 2022 WL 2763698 (3d Cir. May 2, 2022).

of competition under the same three subsections presently at issue. *Id.* Defendants sought dismissal for failure to state a claim. *Id.* The *McLean* Court held that tax collection is not trade or commerce within the meaning of the UTPCPL.

> The collection of sales tax is divorced from private profit. Retailers, like the Defendants here, collect sales tax on behalf of the Commonwealth's Department of Revenue because state law requires them to do so. Once collected, retailers hold the tax in trust before remitting to the Commonwealth. A retailer's conduct in collecting taxes is not for purposes of profit, private gain, or greed.

*Id.* at 350 (citations omitted).[6]

Further, in *Meyer v. Cmty. Coll. of Beaver Cty.*, 93 A.3d 806 (Pa. 2014), our Supreme Court considered the viability of UTPCPL causes of action against the Community College of Beaver County ("CCBC"). In particular, the Supreme Court considered whether the UTPCPL's definition of "person" included political subdivision agencies such as community colleges. The

---

[6] Similarly, in *James. v. Aldi*, 2021 WL 2896837 (W.D.Pa. July 9, 2021), the Federal District Court, citing *McLean*, dismissed UTPCPL claims arising out of taxation of allegedly nontaxable cloth facemasks. And in *Ranalli v. Etsy.com, LLC*, 570 F.Supp.3d 301 (W.D.Pa. 2021), another case involving UTPCPL claims arising out of taxation of protective cloth facemasks, the District Court dismissed the claims relying on the rationale of *McLean*. Also, the *Ranalli* Court reasoned that "Plaintiff does not allege that either defendant misrepresented the characteristics of the face masks he purchased, only that they were not taxable, which is not a characteristic of the product in and of itself. *Id.* at 307. "Nor is there an allegation that either defendant intentionally engaged in false advertising, or the proverbial 'bait and switch.'" *Id.* "In addition, Plaintiff has not alleged an ascertainable loss of money or property in that he is entitled to a refund from the Department of Revenue." *Id.* Thus, the plaintiff failed to state a claim under the UTPCPL. *Id.*

defendant community college claimed it was not a person as defined in the statute and thus not subject to the private action brought against it. The *Meyer* Court concluded that the legislature did not intend to include political subdivision agencies within the statutory definition of person. *Id.* at 815.

Pertinent for our purposes is Chief Justice Castille's proposed basis for affirmance: that the community college was not engaging in trade or commerce. *Id.* at 815-16 (Castille, C.J., concurring). As a community college, CCBC offered post-secondary education in exchange for tuition and fees. *Id.* at 808. Plaintiffs had completed part of CCBC's police training program when the program was decertified, allegedly due to CCBC's malfeasance. *Id.* Quoting from a dissenting opinion in the Commonwealth Court, Chief Justice Castille reasoned:

> 'Trade or commerce' is mercantile activity in which the person engaged in that business is doing so for private profit which could motivate unfair or deceptive practices for private gain or, more accurately, private greed. All of the provisions of the [UTPCPL] are aimed at private businesses. The Community College is not engaged in the conduct of 'trade or commerce' but is carrying out a public responsibility with tax dollars to provide students with an affordable education to citizens of the Commonwealth. In other words, when a governmental entity is carrying out a public duty, it is not engaged in the conduct of a trade or commerce, but in the conduct of government.

*Id.* at 816 (Castille, C.J., concurring). While Chief Justice Castille wrote only for himself on this point, and he acknowledged that the issue was not before the Court (*see id.* at 815), we find his reasoning, in addition to that of the courts above, persuasive authority in support of our conclusion that the

carrying out of a public duty, in this case the collection of sales tax, is not trade or commerce within the meaning of the UTPCPL.

In summary, the unambiguous language of the operative provisions of the UTPCPL, its purposes as delineated by our Supreme Court, the dictionary definition of conduct, the treatment of sales tax under the Pennsylvania Code, and persuasive authority from other jurisdictions and the persuasive concurring opinion of our former Chief Justice all lead us to conclude that collection of sales tax, as alleged in Garcia's complaint,[7] is not part of the conduct of trade or commerce under the UTPCPL.

Against the foregoing, Garcia relies on **People ex rel. Hartigan v. Stianos**, 475 N.E.2d 1024, 1029 (Ill. App. Ct. 1985), wherein the Illinois Attorney General alleged that the defendants regularly charged tax above the statutorily prescribed rate. The Appellate Court of Illinois concluded that the alleged conduct was actionable under the Illinois consumer protection law, and that the trial court erred in declining to enter a preliminary injunction against the defendant. **Id.** at 1029. We find **Stianos** distinguishable for

---

[7] We observe that Garcia's complaint expressly and specifically alleges collection of 7 % sales tax on a nontaxable item. Appellant does not allege that the local sales tax rate was other than 7%, nor does he allege that he purchased the face masks in a jurisdiction where there is no sales tax. Also, we are cognizant of Appellants' arguments that the taxability of cloth face masks of the type at issue in this litigation was unclear. We have limited our analysis to the allegations in Garcia's complaint, as is required on review of an order overruling preliminary objections.

several reasons. First, the defendants admitted that the alleged conduct occurred in the conduct of trade or commerce. *Id.* at 1028. Thus, the parties in *Stianos* did not litigate the issue presently before us, and the Appellate Court of Illinois had no occasion to opine on it.[8] Next, the law in Illinois is that taxes, paid voluntarily but improperly, cannot be recovered outside of a statutorily prescribed procedure for obtaining a refund. *Karpowicz v. Papa Murphy's Intern., LLC*, 2016 WL 360 9106 (Ill. App. Ct. July 5, 2016) (citing *Adams v. Jewel Cos. Inc.*, 348 N.E.2d 161 (Ill. 1976); *Hagerty v. General Motors Corp.*, 319 N.E.2d 5 (Ill. 1974); *Lusinski v. Dominick's Finer Foods*, 483 N.E.2d 587 (Ill. Ct. App. 1985). Thus, there appears to be no conflict between the law of Illinois and the above-cited jurisprudence from Massachusetts, Connecticut, and Florida. *Stianos* does not undermine our conclusion that deference to *Blass*, *Feeney*, and *BJ's* is warranted under § 1927.

Garcia also argues that the dictionary definition of "conduct" is broad enough to encompass actions that are "related to" the conduct of commerce, and that collection of sales tax, while not itself the conduct of commerce, is

---

[8] In an unpublished opinion from the Federal District Court for the District of Alaska, the Court allowed a claim to go forward with no discussion of whether the collection of sales tax occurs in the conduct of trade or commerce. *Van v. LLR, Inc.*, 2021 WL 4238988 (D. Alaska September 16, 2021). In *Van*, as in *Stianos*, the parties apparently did not litigate that issue. Moreover, the claim in *Van* was distinct in that the plaintiffs were challenging the imposition of sales tax in jurisdictions that imposed no sales tax.

sufficiently related to it. Garcia does not explain where he found the words "related to" as they do not appear in the operative provisions of the UTPCPL or in the dictionary definition of the word conduct. Furthermore, as Appellants point out, the phrase "related to" appears elsewhere in the UTPCPL, but not in §§ 201-2(3) or 201-3(a). Indeed, one of the unfair methods of competition and unfair or deceptive acts or practices defined by the UTPCPL is as follows: "Using a contract, form or any other document **related to** a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action. 73 P.S. § 201-2(4)(xviii) (emphasis added). "[W]here the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded." *Fonner v. Shandon, Inc.*, 724 A.2d 903, 907 (Pa. 1999).

Garcia offers a warranty as an example of something that is "related to," but not itself, trade or commerce. Garcia's Brief at 10. Garcia cites no authority for this proposition, and we have no occasion to opine on the actionability of warranties here. We note, however, that warranties can be advertised and used to influence a consumer's purchasing decision. Garcia does not argue that the same is true of sales tax. Indeed, we have already explained that 61 Pa. Code § 31.2(4) requires that the sales tax, if advertised at all, be identified separately from the purchase price of the product. Warranties are entirely distinct from sales tax, and Garcia's reliance on

warranties is unavailing.[9]  After careful review of Garcia's arguments, we discern no basis for concluding that activity merely "related to" trade or commerce is actionable under the UTPCPL.

For all the foregoing reasons, we conclude that the collection of sales tax on nontaxable items, under circumstances alleged by Garcia in this case does not occur in the conduct of any trade or commerce, within the meaning of the UTPCPL.[10]  The alleged conduct is not actionable under the UTPCPL, and the trial court erred in overruling Appellants' preliminary objections.

_____

[9]  Garcia's reliance on the law governing the collection of fees such as hunting licenses, vehicle towing, telephone bill surcharges, and automobile tax, transfer and regulation fees (*see* Garcia's Brief at 14-15), is similarly misplaced.  This case involves none of those.

[10]  Garcia alleged that Appellants violated the following provisions of § 201-2(4):

(4) "Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following:

[…]

(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

[…]

(ix) Advertising goods or services with intent not to sell them as advertised;

[…]

Order reversed.  Jurisdiction relinquished.

Judge Murray joins the opinion.

Judge McLaughlin files a concurring opinion in which Judge Stabile and Judge Murray join.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/14/2023

---

      (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 P.S. § 201-2(4)(v), (ix), (xxi).  Garcia requested $100 per violation under 73 P.S. § 201-9.2.  Because we find that the collection of sales tax does not constitute trade or commerce as defined in the UTPCPL, we do not analyze Garcia's specific allegations of unfair or deceptive conduct.